IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JERRY L. STOCKDALL AND CHRISTINA L. STOCKDALL, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:14-CV-01557-ERW ) |
| TG INVESTMENTS, INC., GEORGE SHIPMAN AND TINA SHIPMAN, | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants TG Investments, Inc., George Shipman and Tina Shipman for their answer to the Complaint, state:

1. For answer to paragraph 1, defendants state they are without knowledge or information sufficient to form a belief as to the truth to the allegations in said paragraph and, therefore deny same.

2. For answer to paragraph 2, defendants admit that TG Investments, Inc. ("TG") operates the Chateau Inn and Suites in Cuba, Missouri, but they deny that it operates any other hotels.

3. They admit the allegations in paragraph 3.

4. For answer to paragraph 4, defendants admit that Tina Shipman is the daughter-in-law of George Shipman and that she resides at the 7535 S. Richmond Avenue address, but they deny that she was or is employed by TG.

5. They admit the allegations in paragraph 5.

6. They admit the allegations in paragraph 6.

7. They admit the allegations in paragraph 7.

1

8. For answer to paragraph 8, defendants admit that an application was submitted in April of 2013, but deny that it was for or included Christina Stockdall.

9. For answer to paragraph 9, defendants admit that on or about April 29, 2013 defendant Shipman interviewed the Stockdalls, but deny that it was for employment of Christina Stockdall.

10. For answer to paragraph 10, defendants admit that George Shipman asked the individuals questions, but they deny that he was analyzing or considering the capabilities of Christina Stockdall.

11. They deny the allegations in paragraph 11 – only Jerry Stockdall was offered a position.

12. For answer to paragraph 12, defendants admit that TG offered Jerry Stockdall a position with compensation of $1,400.00 per month plus a hotel room for his family, but they deny that Christina Stockdall was offered any employment position.

13. They deny the allegations in paragraph 13.

14. For answer to paragraph 14, defendants admit that on or about May 2, 2013 Jerry Stockdall began employment; that there was some training and that his duties included supervision of housekeepers and other employees; but they deny that Christina Stockdall began any employment.

15. They deny the allegations in paragraph 15.

16. They admit the allegations in paragraph 16.

17. For answer to paragraph 17, they admit the allegations as to plaintiff Jerry Stockdall, but deny that Christina Stockdall had any work day or any duties as an employee.

18. They deny the allegations in paragraph 18.

2

19.     For answer to paragraph 19, defendants admit that TG issued paychecks to Jerry Stockdall for a gross monthly pay of $1,400.00 and they admit that Christina Stockdall never received a paycheck from TG.

20.     For answer to paragraph 20, defendants admit that Jerry Stockdall was treated as an exempt employee, but they deny that they failed to compensate him at any minimum wage rate or that he was due any pay for alleged "overtime."

21.     They deny the allegations in paragraph 21.

22.     They deny the allegations in paragraph 22.

23.     For answer to paragraph 23, defendants admit that in early January of 2014 Tina Shipman accused the Stockdall of stealing money and gave them time to remove their personal belongings from the hotel, but defendants deny that the statements were made in the front of and in the presence of other TG employees.

24.     They deny the allegations in paragraph 24.

25.     For answer to paragraph 25, defendants admit that Tina Shipman made a report to the Department of Family Services ("DFS"), but they deny that the statements were false.

26.     For answer to paragraph 26, defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and, therefore, deny same.

27.     For answer to paragraph 27, defendants admit the Stockdalls returned at some time to the Chateau to retrieve their belongings, but they deny that the belongings had been removed to a storage facility or that any of the belongings were missing.

28.     For answer to paragraph 28, defendants admit that the Stockdalls talked to the police, but they deny that the Stockdalls were "taken" to the police station.

29.     They deny the allegations in paragraph 29.

30.     They deny the allegations in paragraph 30.

### Answer to Count I

31.     For answer to paragraph 31, defendants incorporate herein by reference their answers to paragraphs 1 through 30 set forth above.

32.     They deny the allegations in paragraph 32.

33.     They deny the allegations in paragraph 33.

34.     They deny the allegations in paragraph 34.

35.     They deny the allegations in paragraph 35.

36.     For answer to paragraph 36, defendants state they knew Christina Stockdall did some laundry work and other work as an independent contractor – a 1099 contractor.

37.     They deny the allegations in paragraph 37, she was paid

38.     They deny the allegations in paragraph 38.

39.     They deny the allegations in paragraph 39.

### Answer to Count II

40.     For answer to paragraph 40, defendants incorporate herein by reference their answers to paragraph 1 through 39 set forth above.

41.     They deny the allegations in paragraph 41.

42.     They deny the allegations in paragraph 42.

43.     They deny the allegations in paragraph 43.

44.     For answer to paragraph 44, defendants admit that Jerry Stockdall regularly performed the duties alleged, but deny that it was in excess of forty hours per week.

45. For answer to paragraph 45, defendants admit that they knew Jerry Stockdall was generally performing the described duties, but they deny that they knew the number of hours he claimed to work on a weekly basis.

46. They admit the allegations in paragraph 46.

47. They deny the allegations in paragraph 47.

48. They deny the allegations in paragraph 48.

### Answer to Count III

49. For answer to paragraph 49, defendants incorporate herein by reference their answers to paragraphs 1 through 48 set forth above.

50. For answer to paragraph 50, defendants admit that Tina Shipman reported to the DFS the Stockdalls' drug use and child neglect, but they deny that the report was false.

51. For answer to paragraph 51, defendants admit that Tina Shipment made statements to the Cuba police department, but they deny that the statements were false and state they have no knowledge as to whether the statements resulted in the Stockdalls being questioned by the police.

52. They deny the allegations in paragraph 52.

53. They deny the allegations in paragraph 53.

54. They deny the allegations in paragraph 54.

55. They deny the allegations in paragraph 55.

### Answer to Count IV

56. For answer to paragraph 56, defendants incorporate herein by reference their answers to paragraphs 1 through 55 set forth above.

57. They deny the allegations in paragraph 57.

58. They deny the allegations in paragraph 58.

59. They deny the allegations in paragraph 59.

## AFFIRMATIVE DEFENSES

Further answering, defendants state:

1. The Stockdalls are estopped to assert the claims made in their complaint or, alternatively, they have waived their right to assert said claims because:

(a) They stole money from defendant TG Investments ("TG") while Jerry Stockdall was the hotel manager.

(b) They damaged and trashed the hotel rooms they were given to live in while Jerry Stockdall was the hotel manager.

(c) They permitted and encouraged drug addicts ("crack heads") to use and occupy rooms in the hotel and they damaged the hotel's business and reputation.

WHEREFORE, having fully answered, defendants ask that the complaint be dismissed and that they be granted such other relief as may be appropriate.

        MILLINGTON, GLASS & LOVE

        By: /s/ Harold F. Glass
            Harold F. Glass, MBN 19424
            1901 South Ventura, Suite A
            Springfield, MO  65804
            Telephone:  (417) 883-6566
            Facsimile:  (417) 883-6689
            tglass@springfieldlaw.net
        ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 20, 2014, I electronically filed the foregoing with the U.S. District Clerk using the eFiling system, which sent notification of such filing to all attorneys of record.

                                              /s/  Harold F. Glass
                                                  Harold F. Glass