UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY STOCKDALL, et al., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14CV01557 ERW |
| TG INVESTMENTS, INC., et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant TG Investments, Inc.'s Motion for Summary Judgment on Count V of the Amended Complaint [ECF No. 38] and Plaintiffs' Motion for Summary Judgment on Defendant TG Investments, Inc.'s Counterclaim [ECF No. 44].

## I. FACTUAL BACKGROUND

This lawsuit originated when Plaintiffs Jerry Stockdall and Cristina Stockdall ("Plaintiffs") filed a complaint against Defendants TG Investments, Inc., Tina Shipman, and George Shipman ("Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 *et seq*, and asserting tort claims of slander/defamation, and conversion. On October 20, 2014, Defendant TG Investments, Inc. ("TGI") filed a Counterclaim against Plaintiffs asserting claims of conversion and damage to property and business. On November 4, 2014, Plaintiffs filed an Amended Complaint asserting the same counts as the original complaint and adding a count against Defendants for FLSA retaliation. Defendants filed an Amended Counterclaim

1

against Plaintiffs on November 20, 2014, asserting claims of conversion, unjust enrichment and restitution, negligence, and tortious interference.

TGI filed its Motion for Summary Judgment on Count V of Plaintiffs' Amended Complaint asserting Plaintiffs cannot establish a claim for FLSA retaliation because no retaliatory action was taken while Plaintiffs were employed, it was required to assert its counterclaim, and its counterclaim is not baseless. In Count V of the Amended Complaint, Plaintiffs allege TGI retaliated against Plaintiffs for filing the instant lawsuit by asserting baseless counterclaims against them to deter them from asserting their rights.

In Plaintiffs' Motion for Summary Judgment on TGI's Counterclaim, Plaintiffs assert the counterclaim fails as a matter of law because TGI has failed to produce sufficient evidence to satisfy the elements of the various claims. In Count I of TGI's Counterclaim, TGI alleges Plaintiffs are liable for conversion because Mr. Stockdall took possession of cash from hotel guests and kept the money rather than accounting to TGI for the amount. In Count II, TGI alleges Plaintiffs were unjustly enriched by keeping money guests paid for hotel rooms and failing to account to TGI for the amount. In Count III, TGI alleges Plaintiffs were negligent by damaging furniture, furnishings and fixtures in the hotel rooms they stayed in while managers of the hotel. In Count IV, TGI alleges Plaintiffs tortuously interfered with ongoing guests and customers who would otherwise have stayed at the hotel by stealing money guests paid for hotel rooms and by allowing drug users to occupy and use hotel rooms. The undisputed facts are as follows.

The Chateau Inn and Suites ("Chateau") is a hotel located in Cuba, Missouri. TGI is a Missouri corporation that operates the Chateau, which is owned by Colonial Corporation. George Shipman is TGI's president and runs its day-to-day operations. Tina Shipman is George

Shipman's daughter-in-law. Ms. Shipman did a variety of tasks for Mr. Shipman, similar to that of a personal assistant. Beginning May 2, 2013, the Stockdalls were hired as "live-in managers" of the Chateau. On January 3, 2014, Ms. Shipman terminated the Stockdalls' employment.[1] Upon termination, the Stockdalls moved out of the hotel.

After this termination, Ms. Shipman filed a police report accusing the Stockdalls of stealing money from the Chateau. On or about January 30, 2014, the Stockdalls voluntarily went to the Cuba Police Department to discuss Ms. Shipman's theft accusation with the investigating officer, Detective Mike Sherman. The Stockdalls reported to police they allowed Tina Shedd, her husband and two children, to stay in the hotel for several months without paying. The Stockdalls also let Mr. Stockdall's mother-in-law and a child stay in the hotel three or four times without paying. They have not been contacted by the Cuba Police Department since that day. They have not been charged with any crime since they were accused by Ms. Shipman.

The Stockdalls were terminated on January 3, 2014, four days prior to the day they allegedly rented a room to Shirely Reid Stevens and stole her cash payment.[2] Nick Gabriella took over as manager of the Chateau after the Stockdalls were terminated. Mr. Gabriella worked the front desk of the Chateau on January 7, 2014, the day Ms. Stevens paid for a room.

The Stockdalls occupied two rooms in the hotel while they were employed. Mr. Shipman asserts Mr. Gabriella took pictures of the rooms before the Stockdalls occupied the rooms and after they occupied the rooms but they have not been produced. There are no documents, such as checks, ledgers, or anything else, showing payments made to make repairs to the room. There is

---

[1] TGI asserts Ms. Stockdall was not a manager of the hotel. The Court has previously found she qualifies as an employee and manager. *See* ECF No. 74.
[2] TGI disputes this fact. However, TGI cites to Mr. Shipman's deposition in support of their statement the Reids came to the hotel prior to the Stockdalls being terminated but Mr. Shipman's deposition does not state this. Therefore, this fact is uncontroverted.

no documentation of costs associated with painting the Stockdalls' room.[3] There is no evidence the Stockdalls did drugs on the property beyond that of employees' rumors.[4] The names of the two companies who allegedly stopped patronizing the Chateau due to the Stockdalls' alleged drug activity are unknown to Defendants.

## II. STANDARD

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). The moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477

---

[3] TGI disputes this fact and asserts it has evidence citing to Mr. Shipman's declaration. A party's own self-serving allegations do not create a genuine issue of material fact that precludes summary judgment. *Eckert v. Brown*, No. 1:11CV211 LMB, 2013 WL 3884165 at *4 (E.D. Mo. Jul. 26, 2013) (citing *Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006)).

[4] TGI disputes this fact. They cite to Ms. Shipman's deposition wherein she states the Cuba Police Department stated the hotel had become a drug haven. This is inadmissible hearsay and cannot be considered by the Court. Fed. R. Civ. Pro. 56(c); Fed. R. Evid. 801, 802.

U.S. at 325. If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts that demonstrate a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

## III. DISCUSSION

### A. *FLSA Retaliation Claim*

5

TGI requests the Court grant summary judgment in favor of TGI on Count V of Plaintiffs' Amended Complaint. TGI asserts the filing of its counterclaim cannot constitute retaliation, as a matter of law, because this action was taken after the Stockdalls' employment was terminated. Further, TGI argues its counterclaims were compulsory and had to be asserted or otherwise they would have been waived.

The FLSA prohibits employers from discharging or discriminating against an employee because the employee has filed a complaint or instituted proceedings related to the FLSA. 29 U.S.C. § 215(a)(3). A plaintiff pursing a retaliation claim must show "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010); *see also Shrable v. Eaton Corp.*, 695 F.3d 768, 771 (8th Cir. 2012). An employment action is adverse if it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

There is no question Plaintiffs participated in a protected activity by filing this FLSA lawsuit. There is a causal connection between the alleged adverse employment action, the filing of the counterclaim, and the protected activity, the filing of the lawsuit. The question is whether the filing of TGI's counterclaim can constitute an adverse employment action. "The scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm. A lawsuit can be the basis of a retaliation claim. *Bill Johnson's Rest., Inc. v. Nat'l Labor Relations Bd.*, 461 U.S. 731, 740 (1983). The filing of a lawsuit is unlawful if it is baseless. *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407 (10th Cir. 1992). A lawsuit is baseless if (1) "controlling federal law bars the plaintiff's right to relief," (2) "clear state law

makes the case frivolous," or (3) "no reasonable jury could find in favor of the plaintiff." *Id.* at 1407. Some district courts have held the filing of a counterclaim may be retaliatory if the counterclaim is baseless. *Flores v. Mamma Lombardis of Holbrook, Inc.*, 942 F.Supp.2d 274, 279 (E.D. N.Y. 2013) (citing *Torres v. Gristede's Operating Corp.*, 628 F.Supp.2d 447, 466-67 (S.D. N.Y. 2008)). Simply filing a counterclaim, without more, cannot be the basis of a retaliation claim for it is the rare case that a conduct during litigation can be the basis for retaliation. *Equal Emp. Opportunity Comm'n. v. K & J Mgmt., Inc.*, No. 99 C 8116, 2000 WL 34248366 at *4 (N.D. Ill. Jun. 8, 2000).

    TGI asserts its counterclaim is not baseless because it is compulsory. Plaintiffs argue the counterclaim is baseless because no reasonable jury could find in favor of TGI because TGI has not produced a single piece of admissible evidence in support of its counterclaim. Federal Rule of Civil Procedure 13(a) requires a party to state a counterclaim if it arises out of the same transaction or occurrence as the opposing party's claim and does not require adding a party over whom the court does not have jurisdiction. The Eighth Circuit has cited four tests to determine if a counterclaim is compulsory. *BOKF, N.A. v. BCP Land Co., LLC*, No. 6:14-CV-03025-MDH, 2015 WL 2354386 at *2 (W.D. Mo. May 15, 2015) (citing *Cochrane v. Iowa Beef Processors, Inc.*, 596 F.2d 254, 264 (8th Cir. 1979) and *Tullos v. Parks*, 915 F.2d 1192, 1195 (8th Cir. 1990)). The "tests ask whether (1) the issues of fact and law raised by the claim and counterclaim are largely the same, (2) res judicata would bar a subsequent suit on the counterclaim, (3) substantially the same evidence supports/refutes the claim and counterclaim, and (4) there is any logical relation between the claim and counterclaim." *Id*.

TGI's counterclaim[5] includes the following counts: (1) conversion, (2) unjust enrichment, (3) negligence, and (4) tortious interference. TGI alleges, in its counts for conversion and unjust enrichment, Mr. Stockdall took possession of money which was intended as payment from a hotel guest and failed to account to TGI for the money. In its negligence count, TGI alleges Plaintiffs failed to exercise reasonable care and damaged the furniture, furnishings, and fixtures of the hotel rooms. In its count for tortious interference, TGI alleges Plaintiffs interfered with TGI's business expectancy of ongoing and regular guests by stealing rent money and allowing drug users and crack heads to occupy and use rooms in the hotel. Had Plaintiffs asserted solely FLSA claims, TGI's counterclaims would have been permissive. *See Herbst v. Ressler & Assoc., Inc.*, No. 4:13-CV-2327 CAS, 2014 WL 4205294 at * 2 (E.D. Mo. Aug. 22, 2014). However, Plaintiffs also filed a claim for conversion against TGI. Plaintiffs' conversion claim alleges Defendants moved Plaintiffs' personal belongings and converted some of the belongings without Plaintiffs' consent. Applying the tests of the Eighth Circuit, Count III of TGI's counterclaim for negligence appears to be compulsory. However, TGI fails to produce sufficient evidence to support its claim. Although repeatedly claiming to have documentation, including photographs of the damage Plaintiffs did to the hotel room, to support its allegations, TGI produced nothing. The only evidence TGI provided to support its claim is Mr. Shipman's assertions there was damage.[6] He does not describe the damage, although given the opportunity to do so.[7] Without evidence of the specific damage done to the hotel room, a reasonable jury could not find in favor of TGI. Therefore, TGI's claim, although possibly compulsory, is

---

[5] TGI's initial counterclaim included only two counts – conversion and damage to property and business. The parties refer to TGI's amended counterclaim, as does the Court.
[6] Mr. Shipman's assertion there was damage is included in his declaration which the Court cannot rely on for summary judgment.
[7] *See* ECF No. 45-3, Deposition of George Shipman, pg. 107:5-23.

baseless. The remaining counts are similarly baseless. detailed analysis of each count of the counterclaim and the lack of evidence in support of them is *infra*.

Taken in its entirety, TGI's counterclaim could be considered retaliatory. It appears the purpose of TGI's counterclaim is to increase the expenses of litigation and to force Plaintiffs to dismiss the suit through empty claims Plaintiffs were stealing and were drug users. This sends a message that TGI will retaliate in any way possible to prevent paying its employees according to the law. The Court will deny TGI's motion for summary judgment on Plaintiffs' retaliation claim.

### B. *TGI's Amended Counterclaim*

Plaintiffs assert summary judgment should be granted in their favor on TGI's counterclaim because TGI has failed to submit sufficient evidence to prove any of the claims asserted.

#### i. *Count I - Conversion*

Plaintiffs claim TGI has no evidence they took possession of TGI's property. Additionally, Plaintiffs argue conversion is not the proper remedy to recover money, which TGI is seeking. TGI asserts the conversion relates to the property in the hotel room including the lamps and furniture. Further, TGI claims conversion is the proper remedy when an agent is required to turn money over to the principal and does not.

Conversion is the "unauthorized assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Bradley v. Transp. Sec'y Admin.*, 552 F.Supp.2d 957, 961 (E.D. Mo. 2008) (citing *Ware v. McDaniel*, 899 S.W.2d 170, 173 (Mo. Ct. App. 1995)). A plaintiff asserting a claim for conversion must show the plaintiff was the owner of the property or entitled to possession, the defendant took possession of

the property with the intent to exercise control over it, and the defendant deprived the plaintiff of the right to possession. *Id.* (citing *Mackey v. Goslee*, 244 S.W.3d 261, 264 (Mo. Ct. App. 2008)). Conversion is generally not proper where the claim involves money rather than a specific chattel. *Johnson v. GMAC Mortg. Corp.*, 162 S.W.3d 110, 125 (Mo. Ct. App. 2005). A narrow exception is when "funds placed in the custody of another for a specific purpose" are diverted for other than the specified purpose. *Seabaugh v. Seabaugh*, 839 S.W.2d 49, 50 (Mo. Ct. App. 1992).

TGI's conversion claim is a claim for money and conversion is generally not the proper remedy when the claim involves money. TGI asserts the property of the hotel room qualifies as the specific chattel required. However, TGI's counterclaim makes no mention of hotel room property. It alleges Mr. Stockdall took into his possession cash payments from hotel guests and he kept the money. It also alleges Ms. Stockdall watched Mr. Stockdall take the money, encouraged him to do it, and she benefitted from the personal use they made of the money. In no way does this refer to the taking of hotel room property such as lamps or furniture. The narrow exception for when money can be converted does appear to apply here. According to the allegations, funds were given to Mr. Stockdall for the specific purpose of renting a hotel room and those funds were not used for those purposes. Thus, in theory, TGI can assert a claim for conversion. However, this issue is before the Court on summary judgment and TGI must do more than make allegations. It must support its claim with sufficient facts so that a reasonable fact finder could find in favor for it. TGI has not done so.

In its statement of facts, TGI states the Stockdalls were stealing money from the hotel. TGI cites to four unsworn statements in support of this fact. The Court cannot rely on unsworn statements at summary judgment. *Williams v. Donahoe*, No. 4:13-CV-1150 CAS, 2014 WL

6083133 at * 3 (E.D. Mo. Nov. 13, 2014) (citing Fed. R. Civ. Pro. 56(c); *Risdal v. Nixon*, 589 Fed. Appx. 801, 803 (8th Cir. 2014) (per curiam)). TGI provides no other statements of fact in support of its claim. In response to Plaintiffs' statement of facts which states there is no evidence supporting the allegation of conversion, TGI again cites only to these unsworn statements. In discovery, TGI produced an affidavit from Shirley Stevens, the guest whose money was allegedly taken by Mr. Stockdall, and a guest receipt. The receipt shows Ms. Stevens rented one room for one night and it is dated January 7, 2014. The affidavit Ms. Stevens signed, which the Court notes is dated May 2013 even though the affidavit refers to events in 2014, refers to renting the room on January 6, 2014. Plaintiffs were terminated on January 3, 2014. Therefore, they could not have rented this room to Ms. Stevens and stolen her money. To controvert these facts, TGI cites to George Shipman's deposition. However, the pages cited to Mr. Shipman's deposition do not contain any information to controvert these facts. Mr. Shipman does not speak of the Stockdalls at all in that section of the deposition. There is simply no evidence to support TGI's claim Plaintiffs converted its money. The Court will grant summary judgment in Plaintiffs' favor.

        ii.        *Unjust Enrichment*

Plaintiffs assert they are entitled to summary judgment on Count II of TGI's counterclaim for unjust enrichment. Plaintiffs argue TGI has failed to produce sufficient evidence to satisfy the elements of unjust enrichment and it is an improper remedy when an adequate remedy exists at law. TGI claims it has pled unjust enrichment in the alternative to its count for conversion and that it has satisfied all of the elements.

Unjust enrichment occurs when a benefit is conferred "upon a person in circumstances in which retention of the benefit, without paying its reasonable value would be unjust." *Simply*

*Thick, LLC v. Thermo Pac, LLC*, No. 4:13-CV-1036 CAS, 2014 WL 4802035 at *4 (E.D. Mo. Sept. 23, 2014) (citing *S & J, Inc. v. McLoud & Co., LLC*, 108 S.W.3d 765, 768 (Mo. Ct. App. 2003)). To prove a claim for unjust enrichment, a plaintiff must show "1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of the fact of such benefit; 3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable." *Gannon Intern. Ltd. v. Blocker*, No. 4:10CV835 JCH, 2011 WL 3438886 at *4 (E.D. Mo. Aug. 5, 2011) (citing *Webcon Group, Inc. v. S.M. Props., L.P.*, 1 S.W.3d 538, 542 (Mo. Ct. App. 1999)). Unjust enrichment is an equitable remedy based upon the concept of a quasi-contract. *Affordable Cmty of Mo. v. Fed. Nat's Mortg. Ass'n*, 714 F.3d 1069, 1077 (8th Cir. 2013) (citing *Reyner v. Crawford*, 334 S.W.3d 168, 174 (Mo. Ct. App. 2011)).

TGI's unjust enrichment claim fails for two reasons. First, TGI fails to allege or put forth facts showing the benefit conferred upon Plaintiffs was conferred by TGI. The benefit must be conferred upon Plaintiffs by TGI. *See Speaks Family Legacy Chapels, Inc. v. Nat'l Heritage Enter., Inc.*, No. 2:08-CV-04148-NKL, 2009 WL 2391769 at *4 (W.D. Mo. Aug. 3, 2009) (citing *Am. Civil Liberties Union/E. Mo. Fund v. Miller*, 803 S.W.2d 592, 595 (Mo. 1991)). The benefit at issue here, the money paid for the hotel room by Ms. Stevens, was not given to Plaintiffs by TGI but instead was given to Plaintiffs by Ms. Stevens. Therefore, TGI cannot establish unjust enrichment. *See Speaks*, 2009 WL 2391769 at *4 (unjust enrichment claim dismissed because plaintiffs did not allege any of plaintiffs' money or services passed directly to defendants.).

Second, TGI's unjust enrichment claim fails because it has not produced sufficient evidence to support the claim. TGI's unjust enrichment claim lacks support for the same reasons

of its conversion claim, as the evidence used to support it is the same. Therefore, the Court will grant summary judgment in favor of Plaintiffs.

    iii. *Negligence*

Plaintiffs assert they are entitled to summary judgment on Count III of TGI's counterclaim for negligence because there is no evidence of actual damages. TGI asserts Mr. Shipman statements regarding the damage to the hotel room are sufficient evidence of damages.

In Missouri, to establish a claim for negligence, a party must prove the existence of a duty, breach of the duty, injury proximately caused by the breach of duty, and actual damages. *Hoover's Dairy, Inc. v. Mid-American Dairymen, Inc./Special Products, Inc.*, 700 S.W.2d 426, 431 (Mo. 1985). TGI's only evidence cited in support of its claim for negligence is Mr. Shipman's declaration which states the hotel rooms used by Plaintiffs had damage to the furniture and walls for a total amount of $2,500.00. Citing to one's own self-serving allegations does not create a genuine issue of material fact precluding summary judgment. *Eckert v. Brown*, No. 1:11CV211 LMB, 2013 WL 3884165 at *4 (E.D. Mo. Jul. 26, 2013) (citing *Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006)). Mr. Shipman is the president of TGI and runs its day-to-day operations. He was also designated as TGI's 30(b)(6) witness. No reasonable fact finder could find in favor of TGI on a claim for negligence based upon this evidence and the lack of any other evidence. Therefore, the Court will grant summary judgment in Plaintiffs' favor.

    iv. *Tortious Interference*

Plaintiffs assert they are entitled to summary judgment on Count IV of TGI's counterclaim for tortious interference. According to Plaintiffs, TGI has provided no evidence beyond mere speculation and has not produced any evidence to show a valid business expectancy

13

existed or harm to a business relationship. TGI argues Mr. Shipman and Ms. Shipman's depositions are sufficient evidence to establish its claim.

To establish a claim for tortious interference, a plaintiff must prove "(1) a valid business expectancy []; (2) defendant's knowledge of the relationship []; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages." *Sales Res., Inc. v. Alliance Foods, Inc.*, Nos. 4:08CV0732 TCM, 4:09CV0666 TCM, 2010 WL 5184943 at *9 (E.D. Mo. Dec. 15, 2010) (quoting *Stehno v. Sprint Spectrum, L.P.*, 186 S.W.3d 247, 250 (Mo. 2006)). A business expectancy is a "probable future business relationship that gives rise to a reasonable expectancy of financial benefit." *Stehno*, 186 S.W.3d at 251. The business expectancy must be "reasonable and valid" and not show just a "mere hope of establishing a business relationship." *Wash Solutions, Inc. v. PDQ Mfg., Inc.*, 395 F.3d 888, 895 (8th Cir. 2005) (quoting *Serv. Vending Co. v. Wal-Mart Stores*, 93 S.W.3d 764, 769 (Mo. Ct. App. 2002)). A regular course of similar prior dealings suggests a valid business expectancy. *Slone v. Purina Mills, Inc.*, 927 S.W.2d 358, 370 (Mo. Ct. App. 1996). Liability cannot be predicated on "speculation, conjecture, or guesswork" and essential facts cannot be inferred without a "substantial evidentiary basis." *Wash Solutions, Inc.*, 395 F.3d at 896.

The testimony cited by TGI in support of its claim of tortious interference by Plaintiffs does not create a valid business expectancy. TGI cites to Mr. Shipman's deposition and declaration in support of its statement Mr. Stockdall's management of the hotel and the Stockdalls' conduct damaged the reputation and business of the hotel. Mr. Shipman's declaration states only the following as to the hotel's business: "I believe the damage to the reputation of the hotel and its business prospects was at least $6,800.00. I know the revenue of the hotel went down because of Jerry Stockdall's management. The revenue records will show

14

that." ECF No. 50-1, pg. 3. In Mr. Shipman's deposition, when asked about the damage to the reputation of the hotel, he estimated as to how many rooms a night were impacted by Plaintiffs' alleged actions. He stated he did not have any documentation to support his valuation. When Ms. Shipman was asked what local business the hotel lost, she stated "We no longer get Wal-Mart people. And the people that run the trains. The Locomotive – I don't know what it's called." ECF No. 45-4, 49:2-50:20. She also stated the hotel lost wedding business but was unable to give a definite number.[8]

TGI's evidence is mere speculation and guesswork. A mere loss in sales, which although stated by Mr. Shipman to have occurred, has not been shown in any way, is not enough to establish a valid business expectancy. TGI did not attempt to show a prior regular course of dealings with a specific individual or entity to establish the business expectancy. TGI has failed to establish its claim; the Court will grant summary judgment in favor of Plaintiffs.

TGI has failed to produce sufficient evidence to support any of the counts of its counterclaim. Therefore, the Court will grant summary judgment in favor of Plaintiffs on TGI's counterclaim.

---

[8] TGI cited to other portions of Ms. Shipman's deposition in support of its claim but did not provide those portions of the deposition to the Court so the Court is unable to consider them.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant TG Investments, Inc.'s Motion for Summary Judgment on Count V of the Amended Complaint [ECF No. 38] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment on Defendant TG Investments, Inc.'s Counterclaim [ECF No. 44] is **GRANTED**.

So Ordered this 30th Day of December, 2015.

*E. Richard Webber*

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**