UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY L. STOCKDALL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:14CV01557 ERW |
| | ) |
| TG INVESTMENTS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs [ECF No. 84].

**I.   FACTUAL BACKGROUND**

This lawsuit originated when Plaintiffs Jerry and Cristina Stockdall ("Plaintiffs") filed a complaint against Defendants TG Investments, Inc., George Shipman, and Tina Shipman ("Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 *et seq*. The Court granted, in part, and denied, in part, Plaintiffs' Motion for Partial Summary Judgment. A one-day bench trial was held on January 11, 2016, to establish Plaintiffs' damages.

**II.   ANALYSIS**

Plaintiffs seek $161,070.00 in attorneys' fees and $5,850.28 in costs.  Plaintiffs' attorneys' fees were calculated using the lodestar method.  Plaintiffs seek $300.00 per hour for attorney John Doyle's 536.9 hours work on this matter.

1

Plaintiffs are entitled to attorneys' fees pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act and § 290.527 of the Missouri Minimum Wage Law.  To determine a reasonable attorney's fee, a court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986).  The product of this calculation is "presumed to be the reasonable fee to which counsel is entitled" when the attorney has shown the claimed rate and number of hours are reasonable.  *Id*.  The "novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation" are reflected in this amount.  *Id*. (internal quotations omitted).

The Court has reviewed each line item of fees and expenses requested, and finds Plaintiffs' counsel have shown the rates charged and time charged are generally reasonable. The Court has made reductions in attorneys' fees when the Court believes times charged were unreasonable. Line items reduced are indicated on the attached time sheet. Overall, the Court finds Plaintiffs have shown the requested rates for attorneys' fees are reasonable in light of the expertise of counsel, quality of representation, and length of the litigation. Accordingly, the Court will award $145,050.00 in attorneys' fees.[1]

Plaintiffs also seek $5,850.28 in costs which includes a filing fee, process server fee, deposition transcript fee, and traveling costs.  Costs may be awarded as well as attorneys' fees under both the FLSA and MMWL.  29 U.S.C. § 216; Mo. Rev. Stat. § 290.527.  The Court will award Plaintiffs $5,850.28 in costs as requested.

---

[1] Defendants did not file a response in opposition to this motion despite a show cause order being issued.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall be awarded $145,050.00 in attorneys' fees and $5,850.28 in costs.

So Ordered this 10th Day of August, 2016.

*[signature: E. Richard Webber]*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**